■ In the Matter of PHILIP GOLDFINGER, Petitioner, against STATE LIQUOR AUTHORITY, Respondent.— Determination unanimously confirmed, without costs. Memorandum: A question having been raised as to whether the State Liquor Authority had given notice to the petitioner of the possible grounds for revocation, in accordance with section 114 of the Alcoholic Beverage Control Law, and the Authority's counsel having stated in his brief that a statement of the causes of revocation was printed on the back of the license issued to the petitioner, in accordance with the established practice of the Authority, this court requested the submission of a photostatic copy of the license. A photostatic copy has been received and we have taken it into account in support of the determination. (See *Ripley* v. *Storer,* 309 N. Y. 506.) (Review of the action of the State Liquor Authority which revoked petitioner's hotel liquor license, transferred to the Appellate Division for determination by order of Erie Special Term.) Present — Williams, P. J., Bastow Halpern, McClusky and Henry, JJ.

■ In the Matter of PHILIP GOLDFINGER, Petitioner, against STATE LIQUOR AUTHORITY, Respondent.— Petition unanimously dismissed, without costs. (Review of the action of the State Liquor Authority disapproving petitioner's application for renewal of his hotel liquor license, transferred to the Appellate Division for determination by order of Erie Special Term.) Present — Williams, P. J., Bastow, Halpern, McClusky and Henry, JJ.

■ In the Matter of the Probate of the Will of PERCY FREEDMAN, Deceased. ALBERT FREEDMAN, as Executor of PERCY FREEDMAN, Deceased, et al., Appellants; MONA FREEDMAN, Individually and as Administratrix of the Estate of PERCY FREEDMAN, Deceased, et al., Respondents.— Order unanimously affirmed, without costs of this appeal to any party. (Appeal from order of Erie Surrogate's Court denying probate to the alleged last will of decedent.) Present — Williams, P. J., Bastow, Goldman, Halpern and McClusky, JJ.